THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff, | : | Case No. 3:23-cv-325 |
| v. | : | Judge Walter H. Rice |
| KRAZY DAZE, INC., d/b/a KRAZY DAZE, et al., | : | Mag. Judge Michael R. Merz |
| Defendants. | | |

ORDER OVERRULING PLAINITIFF GS HOLISTIC, LLC'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS HOUSE OF KRAZY DAZE, INC., d/b/a KRAZY DAZE, AND MELISSA COREY (DOC. #24), AND SUSTAINING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND RESPOND TO COMPLAINT (DOC. # 26); CLERK'S ENTRY OF DEFAULT (DOC. #18) IS VACATED; DEFENDANTS ARE ORDERED, WITHIN FOURTEEN (14) DAYS OF ENTRY, TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT (DOC. #3); PLAINTIFF IS ORDERED, WITHIN FOURTEEN (14) DAYS OF ENTRY, TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO WHETHER TRADEMARKS NOS. 6,174,291; 6,174,292; AND 6,633,884 WERE VALID, ACTIVE, AND OWNED BY PLAINTIFF AT ALL RELEVANT TIMES IN THE LITIGATION

This case is before the Court on the Motion for Default Judgment of Plaintiff GS Holistic, LLC against Defendants Krazy Daze, Inc., d/b/a Krazy Daze, and Melissa Corey (Doc. #24), and Defendants' Motion to Set Aside Default and Respond to Complaint. (Doc. #26). On January 10, 2024, Plaintiff filed its Complaint, accusing Defendants of infringing United States Trademark Registration Nos. 6,174,291; 6,174,292; and 6,633,884 ("Stundenglass Marks").

(Doc. #3, PAGEID 29, ¶ 10). Defendants were served on or about January 25, 2024. (Return of Service, Doc. #14, PAGEID 92; Doc. #14, PAGEID 94). A Clerk's Entry of Default was entered against Defendants on January 22, 2025. (Doc. #18). At no point did Defendants answer or move with respect to the Complaint; nor did they respond to this Court's multiple exhortations for them to participate in the case. (Orders, Docs. #19, 20).

Consequently, on June 11, 2025, the Court directed Plaintiff to move for default judgment against Defendants (Order, Doc. #23), and Plaintiff did so on June 25, 2025. (Doc. #24). On July 8, 2025, Defendants moved to set aside the entry of default and for leave to answer the Complaint. (Doc. #26).[1] Defendants set forth the standard for establishing good cause to set aside the default: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." (Doc. #26, PAGEID 261, quoting *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 324 (6th Cir. 2010)).

As to prejudice, Defendants note that the test "concerns the future prejudice that will result[,] not prejudice that has already resulted from the defendant's conduct." (Doc. #26, PAGEID 262 (internal quotation marks omitted), quoting *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011). They argue that Plaintiff will not suffer any prejudice by the case continuing, since

---

[1] On July 10, 2025, Defendants filed an Unopposed Motion to stay their deadline to respond to the Motion for Default Judgment until the Court adjudicated the Motion to Set Aside (Doc. #28), which the Court sustained in a Notation Order the same day. (Doc. #29).

2

"Mr. and Mrs. Corey have not discarded invoices, correspondences, and documents related to the lawsuit." (*Id.*, citing R. Corey Decl., Doc. #26-1, PAGEID 273, ¶ 22). Moreover, Defendants claim that Plaintiff "has already achieved its goal of encouraging Krazy Daze to pay greater attention to potentially counterfeited GS goods in the future." (*Id.* at PAGEID 262-63, citing Doc. #26-1, PAGEID 275).

Defendants also proffer evidence that they were unaware of who manufactured the legitimate Stundenglass enhancers when a Krazy Daze employee (not Mrs. Corey) bought two allegedly counterfeit enhancers. (Doc. #26, PAGEID 263, citing Doc. #26-1, PAGEID 271, ¶¶ 9-10; M. Corey Decl., Doc. #26-2, PAGEID 277-78, ¶ 6). They argue that this evidence shows that their defense of non-willfulness is meritorious. (*Id.*, quoting *$22,050*, 595 F.3d at 326). Moreover, Defendants assert that Plaintiffs have not offered conclusive evidence that the Stundenglass Marks are "incontestable," or that the enhancers at issue were actually legitimate, and that those are both viable defenses. (*Id.* at PAGEID 263-64, citing 15 U.S.C. § 1065). Defendants also claim that they can demonstrate that there is no basis for the more than $140,000 in statutory damages sought by Plaintiff, and that this defense is colorable and weighs in favor of setting aside the default. (*Id.* at PAGEID 265).

Finally, Defendants argue that Mrs. Corey was never properly served, either individually or as Krazy Daze's registered agent, and that they obtained counsel as soon as they became aware of the lawsuit. (Doc. #26, PAGEID 266, citing Doc.

3

#26-1, PAGEID 273, ¶¶ 19-21; Doc. #26-2, PAGEID 278, ¶¶ 7-9). Defendants argue that their non-participation "resulted from lack of knowledge and honest blindness to the proceedings stemming from the complex service circumstances and chronology[,]" rather than any intent to thwart judicial proceedings. (*Id.* at PAGEID 266-67, citing *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002)). Thus, Defendants conclude, all three factors weigh in favor of setting aside the default.

In its memorandum *contra*, Plaintiff argues that Defendants were sent a demand letter in October 2023, informing them of the impending lawsuit, and that Defendants' declarations did not rebut the *prima facie* validity of the affidavits of Plaintiff's process server. (Memo. in Opp., Doc. #31, PAGEID 289-90, citing *Audi AG v. Izumi*, 204 F. Supp. 2d 1014, 1017-18 (E.D. Mich. 2002); Doc. #26-1, PAGEID 275). Plaintiff further claims that Defendants waiting until June 2025 to move to set aside the default, despite multiple conversations with Plaintiff's counsel and knowledge of the Motion to Substitute Counsel, "demonstrates a reckless disregard, which constitutes culpable conduct." (*Id.*, citing *Shepard Claims Serv., Inc. v. Wm. Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986); Docs. #14, 14-1; Motion to Substitute, Doc. #21; C. Folkerts Decl., Doc. #31-1, PAGEID 298, ¶ 13).

Plaintiff also asserts that Defendants lack any meritorious defense, as the Lanham Act is a strict liability statute (so lack of willfulness is not a defense), the first sale doctrine does not apply, and that there is no requirement under the Lanham Act that statutory damages be proportional to actual damages. (Doc. #31,

4

PAGEID 291-93 quoting *Tacori Enters. v. Michael Joaillier, Inc.*, 207 F. Supp. 3d 799, 804-05 (S.D. Ohio 2016) (Barrett, J.); citing *Top Tobacco, L.P. v. Star Imps. & Wholesalers, Inc.*, 135 F.4th 1344, 1350 (11th Cir. 2025)). Finally, Plaintiff notes that Defendants "fail to address whether the staff members necessary to provide testimony regarding inventory or sales records are still available. If these witnesses are unavailable, the Plaintiff's ability to prove its claims would be prejudiced. Additionally, the Defendants did not state when they obtained the counterfeit goods[.]" (*Id.* at PAGEID 293, citing *Rogers v. IRS*, 822 F.3d 854, 864 (6th Cir. 2016)). Thus, Plaintiff concludes, it would be prejudiced by setting aside the default, and all three factors weigh against setting aside the default. (*Id.*).

In reply, Defendants reiterate that they have preserved all records and the counterfeit Stundenglass enhancer that it did not sell, and argue that Plaintiff's assertion that it is "unclear if witnesses are available to speak to 'inventory or sales records'" is speculative. (Reply, Doc. #32, PAGEID 303, quoting Doc. #31, PAGEID 293). Thus, Defendants claim, Plaintiff will not be prejudiced by setting aside the default. (*Id.*). Defendants also assert that Plaintiff failed to address their defense that the supposedly counterfeit Stundenglass enhancers may have originated with Plaintiff. They also claim that their argument that they are liable for, at most, infringement of one Stundenglass Mark, rather than the three alleged by Plaintiff, remains colorable. Moreover, they argue that there is a factual dispute as to whether Defendants are shielded from liability under the first sale doctrine. (*Id.* at PAGEID 304-05, quoting *PACCAR, Inc. v. TeleScan Techs., LLC,*

5

319 F.3d 243, 257 (6th Cir. 2003), *abrogated on other grounds by KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)). Finally, Defendants claim that Mr. Corey's interactions with Plaintiff after Defendants received the demand letter showed only that Defendants were attempting to resolve the alleged infringement, not that they were aware that suit had been filed. (*Id.* at PAGEID 306-07). Rather, Defendants' quick actions once they realized a lawsuit had been filed show that their previous non-participation was "not reckless disregard[,] but rather a simple misunderstanding by Defendants as nonlawyers." (*Id.* at PAGEID 307).

The matter is now ripe for decision.

I. **Legal Standards**

"The court may set aside an entry of default for good cause[.]" FED.R.CIV.P. 55(c).

> When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if "good cause" has been shown under the Rule 55(c) component of the analysis: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."

*Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006), quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Whether to set aside an entry of default is a matter of discretion. *See Shepard Claims*, 796 F.2d at 194 (reviewing refusal to vacate entry of default for abuse of discretion). Nonetheless, there is a strong preference for adjudicating cases on their merits; "any doubts as

6

to the propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong." *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2023 WL 2664417, *1 (S.D. Ohio Mar. 28, 2023) (internal quotation marks and citation omitted) (Marbley, C.J.)).

## II. Analysis

### A. Culpable Conduct

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. "Culpable conduct" is not merely careless conduct or inexcusable neglect. *Id.* Plaintiff does not argue that Defendants intentionally thwarted proceedings in this Court; nor could it reasonably so argue. Plaintiff's reckless disregard argument is less clear. While the Returns of Service show that Defendants were served on January 25, 2024, (Doc. #14, PAGEID 92; Doc. #14-1, PAGEID 94), the description of Mrs. Corey in those Returns as having a height of 5'7" does not match her self-identified height of 5'1". (Doc. #26-2, PAGEID 278, ¶ 7). Thus, it is uncertain whether service actually occurred.

Regardless, to conclude that *Defendants* exhibited reckless disregard for the judicial proceedings would be to ignore *Plaintiff's* conduct in this litigation. After serving Defendants, Plaintiff waited almost an entire year before filing a Motion for Clerk's Entry of Default on January 22, 2025, (Doc. #16), which the Clerk entered two days later. (Doc. #18). Thereafter, Plaintiff undertook no action in the

7

case for almost five additional months, and filed the Motion for Default Judgment only after the Court warned that failure to file would result in the case proceeding to trial. (Order, Doc. #23, PAGEID 113). In sum, Plaintiff has been only slightly more diligent in prosecuting its claims than Defendants have been in defending against them. Thus, the Court concludes that Defendants' conduct was not culpable.

### B.   Meritorious Defense

"In determining whether a defaulted defendant has a meritorious defense[,] likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Utd. Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (internal quotation marks and citations omitted). Defendants' raised defenses—that they could not have breached all three of the purported Stundenglass Marks, and that Plaintiff's damages calculations are invalid (Doc. #32, PAGEID 304)—are facially valid and fact-intensive; when, as here, the arguments are disputed, they cannot be resolved as a matter of law at this stage. Moreover, even when a party is in default, the factual allegations in the Complaint are admitted only as to liability; the Court must conduct an independent inquiry as to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir.1995). As multiple defenses raised by Defendants are meritorious, this factor weighs in favor of setting aside the default.

8

## C. Prejudice to Plaintiff

As discussed above, Plaintiff argues that deponents that it needs to prove its claims may not be available, due to Defendants' employees potentially no longer working for Defendants and unable to be located. (Doc. #31, PAGEID 293). Thus, Plaintiff claims, its ability to pursue claims against Defendants (or third-party suppliers) is severely limited due to Defendants' actions and inactions, and argues that maintaining the default is necessary to make Plaintiff whole and to protect Plaintiff's interests from further harm. (*Id.*).

Courts are loath to keep defaults in place based solely on prejudice. *See Shepard Claims*, 796 F.2d at 194 ("[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."). Also, given factual overlap among the dozens of parallel cases pending in this Court, meaning that Plaintiff is pursuing nearly identical claims for nearly identical relief, Plaintiff will not be prejudiced by the default being set aside.

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. #24) is OVERRULED, and Defendants' Motion to Set Aside Default Judgment (Doc. #26), is SUSTAINED. The Clerk's Entry of Default (Doc. #18) is VACATED. The Defendants are ORDERED to answer, move, or otherwise respond to Plaintiff's Complaint (Doc. #3) within fourteen (14) days of entry. Also within fourteen (14)

9

days of entry, Plaintiff is ORDERED to file a motion for partial summary judgment as to whether the Stundenglass Marks were valid, active, and owned by Plaintiff at all relevant times in the litigation.

The captioned case shall be set for trial on the issues of liability and damages.

IT IS SO ORDERED.

October 17, 2025

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT