THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff, | : | Case No. 3:23-cv-325 |
| v. | : | Judge Walter H. Rice |
| | : | Mag. Judge Michael R. Merz |
| KRAZY DAZE INC., *et al.*, | : | |
| Defendants. | | |

ORDER OVERRULING WITHOUT PREJUDICE MOTION FOR PARTIAL SUMMARY JUDGMENT OF PLAINTIFF GS HOLISTIC, LLC (DOC. #34) ON THE ISSUE OF THE VALIDITY, ACTIVITY, AND OWNERSHIP OF TRADEMARK NOS. 6,174,291, 6,174,292, AND 6,633,884; PLAINTIFF MAY RENEW THE MOTION WITHIN THIRTY (30) DAYS AFTER THE CLOSE OF DISCOVERY

This case is before the Court on the Motion for Partial Summary Judgment of Plaintiff GS Holistic, LLC. (Doc. #34) On January 10, 2024, Plaintiff filed its Complaint against Defendants Krazy Daze Inc.[1] and Melissa Corey. (Doc. #3). Defendants did not participate in the case, and a Clerk's Entry of Default was entered on January 22, 2025. (Doc. #18). On June 20, 2025, Plaintiff filed a Motion for Default Judgment against Defendants. (Doc. #24). Counsel subsequently appeared for Defendants and, on July 8, 2025, filed a Motion to Set Aside Default. (Doc. #26). On October 17, 2025, overruled the Motion for Default Judgment,

---

[1] Plaintiff mistakenly identified the Defendant as Krazy Daze LLC in the Complaint. (Doc. #3, PAGEID 27; Memo. in Opp., Doc. #39, PAGEID 393). The docket shall be updated to reflect Krazy Daze Inc. as the proper Defendant.

sustained the Motion to Set Aside, and ordered Plaintiff to move for partial summary judgment on the issue of whether United States Patent and Trademark Office ("USPTO") Registration Nos. 6,174, 291; 6,174,292; and 6,663, 884 ("Stundenglass Marks") were valid, active, and owned by Plaintiff at all relevant times in the litigation. (Decision, Doc. #33, PAGEID 339-40). On October 30, 2025, Plaintiff filed its Summary Judgment Motion (Doc. #34), and Defendants filed a memorandum *contra*. (Doc. #39). Plaintiff did not file a reply memorandum, and the time for doing so has expired. S.D. OHIO CIV.R 7.2(a)(2). The matter is ripe for decision.

I. **Legal Standards**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary

to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. FED.R.CIV.P. 56(c)(3). "A

district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however, the court may also consider other properly presented materials in the record. FED.R.CIV.P. 56(c)(3).

## II. Analysis

In its Motion, Plaintiff presents substantial evidence that the Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 are valid, active, and assigned to Plaintiff. Specifically, Plaintiff has attached true and accurate copies of the Stundenglass Marks registration with the USPTO. (C. Folkerts Decl. 1, Doc. #34-1, PAGEID 348, ¶ 7, citing Marks, Doc. #34-2, PAGEID 351-56).

> Receipt of a registered trademark automatically invokes a statutory presumption that the trademark is valid. The statutory presumption shifts the burden of proof to the party challenging the validity of the mark. Furthermore, the District Court may not overrule the decision of registerability of the Patent and Trademark Office (PTO) unless the party challenging the mark argues persuasively that the mark was ineligible for protection.

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 593 (6th Cir. 1989) (internal citations omitted).

In their memorandum *contra*, Defendants concede that there is a rebuttable presumption that the Stundenglass Marks are valid. (Doc. #39, PAGEID 394, citing *Burke-Parkson-Bowlby*, 871 F.2d at 593). However, they note that Plaintiff's Motion was filed one day before their Answer was even filed. (C. Ziepfel Decl., Doc. #39-1, PAGEID 399, ¶ 3). Defendants state that they are not prepared to

4

waive its "defenses to the rebuttable presumption, such as abandonment, genericness, or even fraud on the USPTO." (Doc. #39, PAGEID 394, citing *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 844 (6th Cir. 2013; *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 404 (6th Cir. 2002); *Scooter Store, Inc. v. SpinLife.com, LLC*, 777 F. Supp. 2d 1102, 1110 (S.D. Ohio 2011) (Marbley, J.)). Defendants assert that, without discovery, they are deprived of the opportunity afforded litigants to raise and develop such defenses. (*Id.* at PAGEID 394-95, citing *Public Int. Legal Found. v. Benson*, 136 F.4th 613, 623-24 (6th Cir. 2025)). Thus, they conclude, it would be unfairly prejudicial to rule on Plaintiff's Motion at this juncture. (*Id.* at PAGEID 395).

The Court sustained Defendants' Motion to Set Aside based on a strong policy preference to adjudicate cases on their merits. (Doc. #33, PAGEID 336-37, citing *Hogan v. Cleveland Ave. Rest, Inc.*, No. 2:15-cv-2883, 2023 WL 2664417, *1 (S.D. Ohio Mar. 28, 2023) (Marbley, C.J.); Doc. #26). Upon obtaining counsel on July 2, 2025 (Notice of Appearance, Doc. #25), Defendants have been active participants in the litigation and have met every deadline. The defenses raised *supra* by Defendants to rebut the presumption of validity are colorable but fact-dependent. To effectuate the Court's October 17, 2025, Order (Doc. #33) and to avoid undue prejudice, Defendants must be afforded the opportunity to engage in discovery so as to develop those theories of defense. Thus, Plaintiff's Motion must be overruled as premature, but it may be renewed after the close of discovery.

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (Doc. #34) is OVERRULED WITHOUT PREJUDICE to refiling within thirty (30) days of the close of discovery, a schedule for which will be set pursuant to the Court's November 19, 2025, Order. (Doc. #38).

IT IS SO ORDERED.

December 15, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT